IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN ASCHE, et al.,

    Plaintiffs,

  v.

ORGANON USA INC., ORGANON PHARMACEUTICALS USA INC., ORGANON INTERNATIONAL INC., ORGANON BIOSCIENCES NV, AKZO NOBEL NV, SCHERING PLOUGH CORPORATION, MERCK & COMPANY, INC., MCKESSON CORPORATION,

    Defendants.
_____/

No. C 13-4986 CW

ORDER GRANTING MOTION TO STAY; DENYING MOTION TO REMAND WITHOUT PREJUDICE (Docket Nos. 18, 19)

On November 5, 2013, Defendants Organon USA Inc., Organon Pharmaceuticals USA Inc. LLC, Organon International Inc., and Merck & Co., Inc. moved to stay this action pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) to transfer this case. Plaintiffs oppose the stay, arguing that the stay would delay the Court's ruling on their motion to remand. Because this case will likely be transferred to the Eastern District of Missouri, where multidistrict litigation (MDL) involving Defendants is currently pending, the Court grants the motion to stay.

DISCUSSION

"When evaluating a motion to stay proceedings pending a transfer to a MDL court, a primary factor to consider is the preservation of judicial resources. Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings." Couture v. Hoffman-La Roche, Inc., 2012 WL 3042994, at

*2 (N.D. Cal.) (citing Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997)).

Here, judicial economy favors a stay. Several cases have been filed in this district raising the same jurisdictional and factual issues as the present action. Many of these cases were transferred to the MDL court. A stay will therefore avoid duplicative litigation and prevent inconsistent rulings on common questions that the MDL court is likely to address.

Plaintiffs argue that the Court must decide their motion to remand before considering Defendants' motion to stay. However, the "Ninth Circuit has not expressly adopted this approach" and courts in this district often take a different course. Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); see also Freitas v. McKesson Corp., 2012 WL 161211 (N.D. Cal.) ("[O]ther courts in the Northern District, including this one, have made clear that courts are not bound to preliminarily consider the merits of a remand motion before considering a motion to stay."). Indeed, this Court has granted motions to stay in other cases involving the same claims and Defendants as the present case, despite the fact that the plaintiffs in those cases had filed motions to remand. Clarke v. Organon USA Inc., 2013 WL 3475948, at *2 (N.D. Cal.); Wilson, et al. v. Organon USA, Inc., et al., Case No. 13-0705, Docket No. 16. Other courts in this district have taken the same approach in nearly identical cases. See, e.g., Burton v. Organon USA Inc., 2013 WL 1963954 (N.D. Cal.) ("Since the question whether McKesson is a proper defendant in the NuvaRing® cases is now before the MDL, the court finds that judicial economy would be better served

by staying this case pending the transfer, rather than by considering the motion to remand."); Tucker v. Organon USA, Inc., 2013 WL 2255884 (N.D. Cal.) ("Permitting [the MDL court] to resolve the issue of fraudulent joinder globally, as opposed to adjudicating the issue prior to transfer, promotes judicial consistency and avoids conflicting judgments.").[1] Accordingly, Plaintiffs' pending motion to remand does not preclude the Court from granting a stay.

CONCLUSION

For the reasons set forth above, Defendants' motion to stay (Docket No. 18) is GRANTED. Plaintiffs' motion to remand (Docket No. 19) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: 12/3/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiffs cite only one case from this district in which a court reached a different conclusion when "presented with this identical issue." Docket No. 27, Opp. Stay, at 2 n.2 (citing Marble v. Organon USA, Inc., 2012 WL 2237271 (N.D. Cal.) (Alsup, J.) (denying motion to stay and granting remand)). Plaintiffs fail to note, however, that the judge who decided that case subsequently reversed his position in another case after recognizing that several actions involving the same claims and defendants had been transferred to the MDL court. See Buyak v. Organon USA Inc., Case No. 13-3128-WHA, Docket No. 22, Order Granting Mot. Stay, at 2 ("Circumstances have since changed.").